### F. MOGELIN V. W. WESTHOFF.

1. It is the duty of the maker of a note to affix to it and cancel the proper revenue stamp, and if he fails to do so he commits a fraud upon the government; but the perpetration of this fraud does not entitle him in this court to a reversal of a judgment obtained against him on the note.

2. In a suit on a partnership note, one of the defendants answered that since the making of the note the partnership had been dissolved and his co-defendant had, for a valuable consideration, agreed to pay the note sued on. *Held*, that the answer might have been stricken out on motion, and there was no error in disregarding it.

ERROR from Karnes. Tried below before the Hon. B. F. Neal.

The facts are indicated in the opinion of the court.

*S. G. Newton*, for the plaintiff in error.

No brief for the defendant in error.

WALKER, J.—The appellant in his brief contends that the note sued on was not stamped when offered in evidence. The district judge says, in the bill of exceptions, that it was stamped, though the stamp had not been cancelled. It was the duty of the plaintiff in error to stamp the note when he made it, and cancel the stamp. He can be heard with little patience setting up his own wrong. It may be that he has committed a fraud upon the government by avoiding the revenue laws, but he has not entitled himself to have this judgment reversed. We find one case in his brief, but quite a different one in the record.

Mogelin and Friday were defendants below to an action on a note of hand, which they admit, they made and delivered to the defendant in error, and that the same was due and unpaid at the commencement of the suit; that they were partners in trade at

the commencement of the suit, but had dissolved their partnership, and appellant sets up that by arrangement between themselves, Friday undertook and agreed to pay the note on which this suit was brought. This averment might be very good in an action against Friday for breach of his contract; but until the appellant has paid the debt, we hardly think it would avail him even in that action, as he has not yet been damaged. But it was certainly no defense to this action, and the court committed no error in disregarding the answer. It might with propriety have been stricken out on motion. We see no error in the proceedings of the district court; and the judgment is therefore affirmed.

Affirmed